# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG DUONG NGUON,<br><br>               Petitioner,<br><br>v.<br><br>JAMES S. HILL, Warden,<br><br>               Respondent. | Case No. 2:24-cv-02297-PA (SK)<br><br>**REVISED ORDER ACCEPTING REPORT AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the filed Report and Recommendation to grant Respondent's Motion to Dismiss Habeas Petition (ECF 21) and any relevant records as needed.  The Court has also now reviewed Petitioner's Objections, even though they were not timely filed or received.  (ECF 25).  The Court still finds, however, that nothing in those Objections changes or affects the material findings and conclusions in the Report and Recommendation.

Petitioner objects that he has "basis for equitable tolling" based on the Eighth Amendment.  (ECF No. 22 at 2-3).  This is not a valid basis for equitable tolling, which requires him to show "(1) that he has been pursuing his right diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Smith v. Davis*, 953 F.3d 582, 588 (9th Cir. 2020) (*en banc*) (citation and quotation marks omitted).  Petitioner has not made any such showing, nor is it apparent how he could, given that he filed this Petition more than 25 years after his conviction became final.  (ECF No. 21 at 2).

Petitioner objects that his claims are not untimely, and that he could not have raised them earlier, because he believed he would be released from

prison in 2005. (ECF No. 22 at 3). This objection does not suggest any explanation, however, why Petitioner did not file this Petition until 19 years later, in 2024.

Petitioner objects that his sentence is grossly disproportionate given his youth when he committed the crimes, and cites *Miller v. Alabama*, 567 U.S. 460 (2012). (ECF No. 22 at 9.) As the Report found, however, even if it is assumed that the limitations starting date would be deferred based on a newly-established constitutional right under *Miller*, the instant Petition still would be untimely by 10 years. (ECF No. 21 at 4).

Petitioner objects that he had a new state court judgment "that started a new statute of limitations clock." (ECF No. 22 at 12). The allegedly new state court judgment was the denial of Petitioner's request for resentencing relief, apparently under a variety of recent state laws. (*Id.*) Even if such a state court judgment exists, it would not be a new judgment that would have restarted the statute of limitations for Petitioner to challenge his 1997 conviction. *See Cole v. Sullivan*, 480 F. Supp. 3d 1089, 1097 (C.D. Cal. 2020) (state court's denial of resentencing relief does "not open the door for a petitioner to bring a new challenge to an old conviction"); *Nguyen v. Acevedo*, 2023 WL 8478535, at *2 (E.D. Cal. Dec. 6, 2023) ("There is . . . no basis on which to conclude that the denial [of resentencing] restarted the statute of limitations for the original, underlying conviction."); *Hernandez v. Koenig*, 2023 WL 7169573, at *5 (C.D. Cal. Sept. 11, 2023) (when sentence review does not result in imposition of a new judgment, the proceeding "does not restart the limitation period") (quoting *Branham v. Montana*, 996 F.3d 959, 968 (9th Cir. 2021)).

Petitioner objects that the State presented "new evidence" of Petitioner's dangerousness that "required him to receive a sentence of [life without parole] or death," thereby warranting a deferred limitations starting

date under 28 U.S.C. § 2244(d)(1)(D).  (ECF No. 25 at 13).  Under 28 U.S.C.
§ 2244(d)(1)(D), the limitations starting date may be delayed until "the date
on which the factual predicate of the claim or claims presented could have
been discovered through the exercise of due diligence."  Petitioner's
argument is factually unfounded because there is no evidence that he was
sentenced to life without parole or death.  He was sentenced to life with the
possibility of parole plus three years.  (ECF No. 10-1 at 17).

THEREFORE, the Court (again) accepts the Report and
Recommendation as filed and (again) orders that Respondent's motion to
dismiss the first amended petition under 28 U.S.C. § 2254 be granted.  If
necessary, the March 31, 2025 judgment dismissing this action with
prejudice is ratified as the final judgment, as of the date of this revised order.
(ECF 23).  The Court's March 31, 2025 order denying a certificate of
appealability is also ratified, as needed, as of the date of this revised order.

IT IS SO ORDERED.

DATED:  April 22, 2025

_____
PERCY ANDERSON
United States District Judge

3